

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2004

# USA v. Harris

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Harris" (2004). *2004 Decisions*. Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-4095

_____

UNITED STATES OF AMERICA

v.

WILLIE HARRIS,
Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(Crim. Action No. 02-cr-00116-1)
District Judge: Hon. Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2004

BEFORE: AMBRO, VAN ANTWERPEN and STAPLETON, Circuit Judges

(Opinion Filed: December 15, 2004)

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Appellant Willie Harris was charged with possession with intent to distribute fifty

or more grams of cocaine base. He moved to suppress the drugs that were discovered during the execution of a search warrant at his home. After an evidentiary hearing, the motion was denied and Harris entered a conditional plea permitting him to challenge this ruling on appeal. He was sentenced to a term of 121 months, and this timely appeal followed. We will affirm.

Harris first argues that the affidavit submitted in support of the application for a warrant did not establish probable cause. That affidavit provided the following information:

> (1) that officers had "been involved in an on-going narcotics investigation concerning the illegal sales of narcotics from 190 Kearns Avenue;"
> (2) that officers "conducted surveillance of 190 Kearns Avenue numerous times and have observed individuals arrive in vehicles and on foot enter the residence, stay a short period of time and then exit the residence and leave the area;"
> (3) that on January 23, 2002, officers "removed three blue plastic bags that were dis[c]arded on the side of the residence at 190 Kearns Avenue for trash pickup" and contained therein officers found "ten clear sandwich bags torn in half with the bottoms missing, two clear sandwich bags with the corners missing (diapers), one full clear sandwich bag with a white powder residue, and indicia for 190 Kearns Avenue;"
> (4) that drug testing verified that the white powder residue detected on January 23, 2002, was cocaine;
> (5) that on February 5, 2002, officers "removed two green . . . trash bags which were dis[c]arded on the side of the residence at 190 Kearns Avenue for trash pickup" and contained therein officers found "five torn clear sandwich bags with a white powder residue, two clear sandwich bags intact with white powder residue, and indicia for a William Harris and Willie Harris showing him as a resident of 190 Kearns Avenue;"
> (6) that drug testing verified that the white powder residue detected on February 5, 2002, was cocaine;
> (7) that "Willie Harris has been arrested in the past for narcotics violations and firearm violations;"

2

(8) that the individual officers believed to be Willie Harris "was observed during surveillance leaving and returning to 190 Kearns Avenue;" and

(9) "[b]ased upon evidence recovered from the trash pulls, sandwich bags with corners missing is consistent with packaging illegal narcotics for sales, field testing of residue in some of the sandwich bags which showed positive results for cocaine, and training and experience we believe that there is illegal narcotics activity taking place at 190 Kearns Avenue."

App. at 7, Affidavit of Probable Cause.

Collectively, these facts establish a substantial basis for the magistrate's issuance of the search warrant. While it is true, as Harris suggests, that the traffic to and from the house could possibly have been attributable to legal transactions and that the bags in the trash could possibly have been put there by someone else, this does not mean there was no probable cause to search Harris's residence.

Harris's final argument is that the execution of the warrant was in violation of the "knock and announce" rule. The District Court concluded, however, that Harris's movements after the officers yelled, "Pittsburgh police, search warrant," including activity that appeared to be an attempt to hide or dispose of something before the police entered, created an exigent situation in which it was reasonable to ram the front door. We agree.

The judgment of the District Court will be affirmed.